UNITED STATES

v.

**Paula Rae LEMARBE, 357 46 4733, Airman (E–3), U. S. Navy.**

**NMCM 81 0118.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 April 1980.

Decided 24 July 1981.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

BAUM, Senior Judge:

In her first assignment of error, appellant correctly notes that the court-martial order recites that she pleaded guilty to the Charge when she, in fact, pleaded not guilty. We therefore direct that a supplementary court-martial order be issued correcting this error.

■ Appellant's second assignment of error asserts that no evidence presented at trial establishes that the Charge was preferred and received within the time provided by the statute of limitations by an officer exercising summary court-martial jurisdiction over appellant, as required by Article 43(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 843(c). This assertion is based upon two propositions, both without merit.

Appellant first urges that because the affidavit of the officer administering the oath to the accused on page three of the charge sheet fails to indicate the date the oath was administered there is insufficient evidence to establish that when received, the Charge had been "sworn" as required by Article 43(c), UCMJ. We disagree. The affidavit on page three of the charge sheet is signed by an officer authorized to administer oaths and two entries below that affidavit an officer signed for the Commandant, Naval District Washington, indicating that "[t]he sworn charges" were received at 1100, 10 March 1978. This is sufficient evidence to establish that the charges had been sworn to prior to their receipt by the Commandant, Naval District Washington, notwithstanding the missing date in the affidavit.

Appellant next asserts that there was no evidence at trial that the Charge was received within the requisite period by an officer exercising summary court-martial jurisdiction over her. Article 43(c) provides that the statute of limitations is tolled by the receipt of sworn charges by "the officer exercising summary court-martial jurisdiction over the command." Appellant, citing *United States v. Barbeau*, 9 M.J. 569, 573 n.8 (A.F.C.M.R.1980), *pet. denied*, 9 M.J. 277 (C.M.A.1980); paragraph 33, *Manual for Courts-Martial, 1969 (Rev.)*; the Congressional committee hearings regarding enactment of the UCMJ; and *United States v. Johnson*, 10 U.S.C.M.A. 630, 28 C.M.R. 196 (1959), argues that the quoted provision is limited to the officer exercising summary court-martial jurisdiction over the command of the accused and that the Government did not prove that appellant was attached to Headquarters, Naval District Washington, D. C., the summary court-martial command of the officer receipting for the sworn charges. We accept the argument that the officer receiving the charges must exercise summary court-martial jurisdiction over the accused but we reject the assertion that such has not been established by the record.

The first page of the charge sheet reflects that when it was prepared the accused's organization was "Commandant, Naval District Washington, District of Columbia." This entry was subsequently lined out and "Naval Station San Diego, California," the accused's command at the time of trial, typed in. We believe that this entry coupled with the designation on page 3 of the charge sheet of "Headquarters, Naval District Washington, D. C. ..." in the space provided above the preprinted language "Designation of Command of Officer Exercising Summary Court-Martial Jurisdiction" clearly establishes that appellant was attached to that command at the time charges were received.

■ It has long been established that there is a presumption of regularity in the preparation of such official documents in the absence of a showing by appellant to the contrary. *See, e. g., United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951); *United States v. Williams*, 1 C.M.R. 540 (N.C.M.R.1951). Appellant offered no evidence to rebut this presumption. Accordingly, the assignment of error is rejected.

The findings and sentence as approved on review below are affirmed.

Judge KERCHEVAL concurs.

ABERNATHY, Judge (concurring):

I join in affirmance of this case, and add the following comment. The Government cannot be tasked for the first time on appeal with proving every jot and tittle in regard to the authenticity of the charge sheet without reaching such absurd results as defense counsel challenging the Government to prove, for instance, that the person receiving the sworn charges was actually a Naval officer. I cannot give credence to an assignment of error bottomed upon such a premise.